THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALICE H. WOOLLARD, Respondent, v. NICHOLAS J. FAHRENKOPF, as Commissioner of Assessments of the City of Albany, New York, and Others, Appellants.— Appeal by the city from a final order and judgment correcting the 1936 assessment roll of the city of Albany by reducing the assessment as to Nos. 169, 173, 177 and 179 South Allen street from $14,000 each to $10,120 each. The case presented a question of fact and the decision of the referee and Special Term was not against the weight of evidence. Upon the trial the relator abandoned the question as to the assessments levied against Nos. 326, 328, 330 and 332 Cortland street and as to 1, 3 and 5 Teunis street. Judgment and order affirmed, with fifty dollars costs and disbursements. Hill, P. J., Crapser and Heffernan, JJ., concur; McNamee and Bliss, JJ., dissent, in an opinion by McNamee, J., in which Bliss, J., concurs. McNamee, J. (dissenting): Eleven parcels of land in the city of Albany were involved in this proceeding, and on the trial seven of the cases were abandoned by the relator, leaving in dispute only four, viz., 169, 173, 177 and 179 South Allen street. As to these latter properties the relator filed a verified protest that they were worth only $4,000 apiece; and on the trial her two witnesses, one being her janitor, and the other her father and attorney, testified they were worth more than $11,000. The board of review would have been justified in regarding such a protest as mere trifling, and in disregarding the protest. The assessment levied on each of these four properties was $14,000. Relator's two witnesses testified that they were worth $11,478. This testimony was highly interested in character; but even in these circumstances the variation between the assessment and relator's value is only about $2,500 on each

of these large properties. Informed and honest opinion could well divide to this extent. This court has said, Heffernan, J., speaking, " If the evidence leaves the matter in doubt it is the province of the assessors to determine the value." (*People ex rel. Rickey* v. *Hunt*, 241 App. Div. 261.) One of the city's witnesses, after deducting twelve per cent on the theory that Albany property is assessed at eighty-eight per cent of value, brought the reduced value a little below the assessment, while another made it somewhat above. Again this court has said, in the opinion above cited, in addition to the doubt above mentioned, that " a party who assails the validity of an assessment must make it conclusively appear that the method by which the assessors arrived at the result * * * was incorrect." (*People ex rel. Rickey* v. *Hunt, supra.*) The reason for these rules is that there is a legal presumption that the assessment is correct. But the more reliable evidence in the case, the earnings of the property, was evidently not considered by the referee, despite the fact that it was furnished by relator's own witness, her father. He admitted that each of the four apartments in each of the four houses was rented for fifty-five dollars a month, or $2,640 a year, and presumably from the record five dollars extra for the garages attached thereto. In order to show that this income should not be taken as proof of value, the relator offered relevant evidence indicating that about $246 should be deducted from the income of each house, reducing the income, less service charges, to about $2,400. Capitalized at ten per cent this showed a value of about $24,000, or at eight per cent about $30,000, or at six per cent about $40,000, for each house. The same witness testified that " taking into consideration all that is furnished the tenant," the service charge on each apartment was about twenty-five dollars a month. This would leave an income of $1,440, and capitalized at ten per cent would show a value of $14,400, at eight per cent, $18,000, at six per cent, $24,000. The property in question was new, was investment property and held as such, and was located in a growing capital city. And for this purpose its value depends in the main on its earnings. (*People ex rel. Railroad Co.* v. *Keator*, 36 Hun, 592, 594; *People ex rel. Powers* v. *Kalbfleisch*, 25 App. Div. 432.) And when examined from this point of view the assessment was strikingly below its evident investment value. It was suggested on the argument that the city failed to show all of the expenses connected with the ownership and maintenance of the property. The city was not required to do this. The relator was seeking an exemption, and was attempting to show that the assessment was wrong. In both of these aspects the burden of proof was on the relator. The assessor is not called upon to defend the assessment until the relator has proved that error has been committed. If the relator wished to show added service charges, or other necessary deductions from income, and thus minimize the proof of value, for the purpose of securing an exemption, it was her duty to offer this proof. This was not done, except in the merest generalities, and then only to the extent that showed an income of eight per cent on $18,000. The judgment should be reversed and the certiorari annulled. Bliss, J., concurs.